Filed 1/9/26  P. v. Trammell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101994 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE018641) |
| v. | |
| SAMUEL TRAMMELL, | |
| Defendant and Appellant. | |

Defendant Samuel Trammel appeals the trial court's denial of his application for pretrial mental health diversion under Penal Code,[1] section 1001.36.  Defendant contends the trial court's finding that the People provided clear and convincing evidence to rebut the statutory presumption that defendant's mental disorder was a significant factor in his commission of the offenses was not supported by substantial evidence.  The People concede the trial court's finding was not supported by substantial evidence.  We accept the concession and conditionally reverse the judgment and remand to the trial court for a new diversion eligibility hearing under section 1001.36.  If the court determines that

---

[1]     Undesignated statutory references are to the Penal Code.

1

defendant is eligible for diversion, it may grant his application. If the court determines defendant is ineligible, defendant's convictions and sentence shall be reinstated.

BACKGROUND

Around 6:00 a.m. on May 22, 2023, the victim was standing outside her car in a parking lot texting on her cell phone when a man holding a gun and wearing some type of face covering approached her. He demanded her things. She handed him her cell phone, wallet, and the keys to her car. He used the keys to take the victim's car. Defendant was later identified and arrested.

An amended information charged defendant with carjacking (§ 215, subd. (a); count one) and robbery (§ 211; count two). Both counts included an enhancement for personal use of a firearm (§ 12022.53, subd. (b)), and five aggravating factors. The amended information also alleged that defendant suffered a prior strike conviction for burglary. (§§ 459, 1192.7, subd. (c), 1170.12, subds. (a)-(d), 667, subds. (b)-(i).)

Defendant filed an application for pretrial mental health diversion. (§§ 1001.35, 1001.36.) The Department of Behavioral Health assessed and diagnosed him with major depressive disorder and substance abuse disorder. Defense counsel noted that because of his disorders, defendant was not high functioning in the community and resorted to theft as a means of surviving while living on the street. He had no super strikes and no prior crimes of violence. Defense counsel further argued, based on the report, that defendant would benefit from treatment through mental health diversion.

The People opposed the application for pretrial mental health diversion. Although the People acknowledged that defendant reported experiencing mental health symptoms, they argued that the circumstances of the offense did not establish a nexus between the offense and defendant's mental health disorder. Defense counsel noted in response that a nexus between defendant's mental disorder and the commission of the offense was statutorily presumed.

Following a hearing, the trial court found the People provided clear and convincing evidence to overcome the presumed nexus between defendant's mental health disorder and the offense. In making this finding, the court focused on the circumstances of the offense: the timing and location, and that defendant was wearing a mask and carrying a firearm. Based on those circumstances, the court concluded the offense did not occur because of defendant's "mental health diagnosis." Defendant committed the offense because "there was a victim who was by themselves, alone, early in the morning" and "[h]e already had a firearm with him."

The trial court made an explicit finding that defendant would not pose an unreasonable risk to public safety if he were treated in the community. It emphasized that it was denying the application for mental health diversion based only on the lack of a nexus between defendant's mental disorder and the commission of the offenses.

After the trial court denied his application for mental health diversion, defendant pled no contest to count one, carjacking (§ 215, subd. (a)), and to count two, robbery (§ 211). He also admitted the enhancement allegations and the aggravating factors. The court sentenced defendant to an aggregate term of 20 years.

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

DISCUSSION

Defendant contends that the trial court abused its discretion when it denied his application for mental health diversion because substantial evidence did not support its finding that the People provided clear and convincing evidence to rebut the statutory presumption that defendant's mental disorder was a significant factor in his commission of the offenses. Citing this court's decisions in *Lacour v. Superior Court* (2025) 110 Cal.App.5th 391 (*Lacour*) and *Gomez v. Superior Court* (2025) 113 Cal.App.5th 671 (*Gomez*), the People concede the trial court's finding that defendant's mental disorder

3

was not a significant factor in the commission of the offense and is not supported by substantial evidence. We agree.

We review a trial court's ruling on an application for mental health diversion for an abuse of discretion and its factual findings for substantial evidence. (*Lacour, supra*, 110 Cal.App.5th at p. 401.) A court abuses its discretion when it applies the wrong legal standard or bases its decision on findings that are not supported by substantial evidence. (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.) "By definition, 'substantial evidence' requires *evidence* and not mere speculation." (*People v. Ramon* (2009) 175 Cal.App.4th 843, 851.)

In reviewing a trial court's finding that a fact has been proven by clear and convincing evidence, the question before us is whether the record contains evidence from which a reasonable fact finder could have found it highly probable that the disputed fact was true. (*Lacour, supra*, 110 Cal.App.5th at p. 401.) In answering this question, we view the record in the light most favorable to the prevailing party and "give due deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*Id*. at pp. 401-402.) Those inferences must be drawn from evidence rather than speculation. (*People v. Ramon, supra,* 175 Cal.App.4th at p. 851.)

The Legislature enacted sections 1001.35 and 1001.36 to authorize trial courts to grant pretrial mental health diversion to defendants with qualifying mental disorders. (*Gomez, supra*, 113 Cal.App.5th at pp. 677-678.) To be eligible for mental health diversion, a defendant must meet two requirements. (*Lacour, supra*, 110 Cal.App.5th at p. 400.) One, the defendant must have been diagnosed within the past five years with a mental disorder identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM). (*Ibid*; § 1001.36, subd. (b)(1).) And two, the defendant's mental disorder must be a significant factor in the commission of the offense. (*Lacour,* at p. 400; § 1001.36, subd. (b)(2).)

4

To ensure that the pretrial mental health diversion program applies as broadly as possible, section 1001.36 includes a presumption that a defendant's mental disorder diagnosis, if the diagnosis occurred within the past five years, was a significant factor in the commission of the offense. (*Gomez, supra*, 113 Cal.App.5th at p. 678; § 1001.36, subd. (b)(2).) Once a presumption is established, it is the People's burden to provide clear and convincing evidence that defendant's mental disorder was not a motivating, causal, or contributing factor to overcome it. (§ 1001.36, subd. (b)(2); *Gomez,* at p. 688; *Lacour, supra*, 110 Cal.App.5th at p. 404.)

Here, the People offered no evidence, and the trial court identified no evidence, that would support a finding that defendant's mental disorder was not a motivating, causal, or contributing factor to defendant's commission of the offenses. (*Lacour, supra*, 110 Cal.App.5th at pp. 403-404.) It appears the trial court based its finding on the absence of evidence proving that defendant was experiencing mental health symptoms at the time of the offense. (*Gomez, supra*, 113 Cal.App.5th at p. 688.) As this court has held, however, "the absence of evidence proving that [defendant's] mental disorder *was* a factor in the commission of the offenses is not substantial evidence supporting a finding by clear and convincing evidence that [defendant's] mental disorder *was not* a factor in the commission of the offenses." (*Lacour,* at p. 404.) Moreover, by finding the presumption was overcome when there was no evidence offered to show that his mental disorder was not a factor in the commission of the offenses, the trial court "effectively shifted the burden to [defendant] to affirmatively prove that his mental disorder contributed to the offense[]." (*Ibid*.) That is not the showing the statute requires. (§ 1001.36, subd. (b)(2).)

We agree with the parties that the trial court's finding that the presumption that defendant's mental disorder was a significant factor in the commission of his offenses was overcome by clear and convincing evidence is not supported by substantial evidence. (*Gomez, supra*, 113 Cal.App.5th at p. 689.) The denial of defendant's application for

5

mental health diversion, therefore, was an abuse of discretion.  (*People v. Moine, supra,* 62 Cal.App.5th at p. 449.)

## DISPOSITION

We conditionally reverse the judgment and remand to the trial court for a new pretrial mental health diversion hearing.  If the court determines that defendant is eligible for diversion, it may grant defendant's application.  If the court determines defendant is ineligible, defendant's convictions and sentence shall be reinstated.


_____\\s\\_____,
Krause, J.



We concur:



_____\\s\\_____,
Hull, Acting P. J.



_____\\s\\_____,
Boulware Eurie, J.

6